### Ex Parte, Barney Miller, Habeas Corpus.

APPEAL DOES NOT LIE IN HABEAS CORPUS.

An application for a writ of *habeas corpus* is not a civil action and appeal will not lie.

APPEAL from the Court of Common Pleas of Hamilton county.

GIFFEN, J.

This case was submitted upon a motion to dismiss the appeal in an application for a writ of *habeas corpus*. If the proceeding is a civil action, then under sec. 5226, Rev. Stat., it is appealable. Section 4971, Rev. Stat., provides that "there shall be but one form of action, which shall be known as a civil action."

Our statutes do not define an action or a civil proceeding. In Missionary Society v. Ely, 60 Ohio St., 405, at 407, it is said :

"But we suppose that any ordinary proceedings in a court of justice, by which a party prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense, involving the process and pleadings, and ending in a judgment, is an action, while every proceeding other than an action, where a remedy is sought by an original application to a court for a judgment or order, is a special proceeding."

To obtain a writ of *habeas corpus* a party does not prosecute another, but makes an original application to a court for the enforcement of a right. The only pleading provided for is a petition, although the return of a writ is treated as an answer. The only process is the writ itself, no summons being required under chapter eight, division seven, whereas "a civil action must be commenced by filing in the office of the clerk of the proper court a petition, and causing a summons to be issued thereon." Section 5035, Rev. Stat.

These special provisions as to service and pleadings show an intention to distinguish the remedy by a writ of *habeas corpus* from a civil action, and this is made more manifest by sec. 4956, Rev. Stat., which provides that :

"Where in part three of this revision special provision is made as to service, pleadings, competency of witnesses, or in any other respect inconsistent with the general provisions in this title, the special provision shall govern, unless it appear that the provisions are cumulative."

Our Supreme Court has decided in Henderson v. James, 52 Ohio St., 242, that "a final order of discharge in *habeas corpus* may be reviewed and reversed on error by a higher court," and that the proceeding "is essentially a civil and not a criminal proceeding," but has nowhere determined that it is a civil action.

Our conclusion is, for the reasons above stated, that it is not a civil action and appeal will not lie.

Motion sustained.

*Follett, Kelley & Follett*, for the motion.

*H. R. Probasco*, contra.